UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

BRIDGEPORT MUSIC, INC. and WESTBOUND
RECORDS, INC.,

               Plaintiffs,

               v.

TUFAMERICA, INC. d/b/a TUFF CITY RECORDS,
and KAY LOVELACE TAYLOR, individually and
on behalf of the Estate of LeBaron Taylor,

               Defendants.

-------------------------------------------------------------------X

Civil Action No. 19-cv-01764-PGG

**JURY TRIAL DEMANDED**

**AMENDED ANSWER AND
COUNTERCLAIMS**

## ANSWER

    Defendants TufAmerica, Inc. d/b/a Tuff City Records ("TufAmerica") and Kay Lovelace Taylor ("Taylor"), individually and on behalf of the Estate of LeBaron Taylor (collectively, "Defendants"), as and for their Answer to the Complaint, allege and state as follows:

### NATURE OF THE ACTION

    1.    Defendants deny that plaintiffs are entitled to any relief in this action, but admit that paragraph 1 of the Complaint purports to assert that this is a civil action for a declaratory judgment in favor of plaintiffs with respect to the rights and obligations of the parties in connection with certain musical compositions and musical works.

### THE PARTIES

    2.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except deny that plaintiff Bridgeport Music, Inc. ("Bridgeport") owns the musical compositions at issue in this action.

    3.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

1

236759

4.      Defendants deny the allegations contained in paragraph 4 of the Complaint, except admit that TufAmerica is a New York corporation with a principal place of business located in New York, New York, and that TufAmerica sent Bridgeport a letter dated December 11, 2017, and respectfully refer this Court to the December 11, 2017 letter for its content and meaning, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 relating to the genesis of the plaintiffs' complaint.

5.      Defendants deny the allegations contained in paragraph 5 of the Complaint, except admit that Taylor is a resident of Arizona.

## JURISDICTION AND VENUE

6.      Paragraph 6 of the Complaint states a conclusion of law as to which no response is required.  To the extent that the paragraph makes allegations of fact, Defendants deny the same.

7.      Paragraph 7 of the Complaint states a conclusion of law as to which no response is required.  To the extent that the paragraph makes allegations of fact, Defendants deny the same.

## BACKGROUND

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint except admit that the six (6) musical works at issue in this action are: (1) "The Victor" a/k/a "Baby I Owe You Something Good"; (2) "Good Old Music"; (3) "Let's Make It Last"; (4) "I'll Wait" a/k/a "I'll Stay"; (5) "Can You Get To That"; and (6) "The Goose (That Laid The Golden Egg)".

10.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, except admit that Defendants first objected to Plaintiffs' improper exploitation of the musical works at issue on December 11, 2017.

### DEFENDANTS' PURPORTED RIGHTS IN THE WORKS AT ISSUE

17.    Defendants deny the allegations contained in paragraph 17 of the Complaint, except admit that Tufamerica is the owner of the record label Tuff City Music Group, owns the rights to many musical recordings and compositions, and has filed lawsuits against the Beastie Boys, Christina Aguilera, Jay-Z, and Kanye West.

18.    Defendants deny the allegations contained in paragraph 18 of the Complaint, and respectfully refer the Court to the August 9, 2011 agreement for the terms thereof.

19.    Defendants deny the allegations contained in paragraph 19 of the Complaint, except admit that TufAmerica sent a letter to Plaintiffs on behalf of itself and as administrator for LeBaron Music dated December 11, 2017, and respectfully refer the Court to that letter for its content and meaning, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegation that LeBaron Music is a now defunct entity.

20.    Defendants deny the allegations contained in paragraph 20 of the Complaint, except admit that Plaintiffs sent TufAmerica a letter dated December 22, 2017, and respectfully refer the Court to that letter for its content and meaning.

21.    Defendants deny the allegations contained in paragraph 21 of the Complaint, except admit that TufAmerica sent a letter to Plaintiffs dated January 5, 2018, and respectfully refer the Court to that letter for its content and meaning.

22.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint with respect to Plaintiffs' information and belief.  Notwithstanding the foregoing, Defendants do claim that the Funkadelic Works constitute unauthorized derivative works of the musical compositions owned by Defendants and copyright infringement thereof.

23.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint with respect to Plaintiffs' information and belief.  Notwithstanding the foregoing, Defendants do claim that the Funkadelic Works constitute unauthorized derivative works of musical compositions owned by Defendants.

24.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint with respect to Plaintiffs' information and belief.    Notwithstanding the foregoing, Defendants deny the allegations

contained in paragraph 24 of the Complaint, and otherwise state that Defendants claim that the Funkadelic Works constitute unauthorized derivative works of musical compositions owned by Defendants.

25.    Defendants admit the allegations contained in paragraph 25 of the Complaint.

26.    Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.    Defendants admit the allegations contained in paragraph 27 of the Complaint.

28.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, except admit that BMI is a performing rights organization.

29.    Defendants deny the allegations contained in paragraph 29 of the Complaint, except admit that Defendants never objected to Plaintiffs' purported BMI registrations.

30.    Defendants deny the allegations contained in paragraph 30 of the Complaint, respectfully refer the Court to the letters exchanged between the parties for their content and meaning, and further state that they have no obligation to provide Plaintiffs with any such documents.

31.    Defendants deny the allegations contained in paragraph 31 of the Complaint.

**PLAINTIFFS' OPEN AND CONTINUOUS EXPLOITATION OF THE WORKS AT ISSUE**

32.    Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34.    Paragraph 34 of the Complaint states a conclusion of law as to which no response is required.

35.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, except admit that Bridgeport has claimed ownership to the musical compositions of the Funkadelic Works.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, except admit that TufAmerica has asserted copyright ownership of the musical composition entitled "The Victor" a/k/a "Baby, I Owe You Something Good", and copyright infringement by Plaintiffs thereof, and otherwise deny that such assertion was unfounded.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42.     Defendants admit the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, except admit that TufAmerica has asserted copyright ownership of the musical composition entitled "Good Old Music", and copyright infringement by Plaintiffs thereof, and otherwise deny that such assertion was unfounded.

44.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, except deny that George Clinton assigned, transferred and delivered all rights to the musical composition entitled "Good Old Music" to Bridgeport.

45.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48.     Defendants admit the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, except admit that TufAmerica has asserted copyright ownership of the musical composition entitled "Let's Make It Last", and copyright infringement by Plaintiffs thereof, and otherwise deny that such assertion was unfounded.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55.     Defendants admit the allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, except admit that TufAmerica has asserted copyright ownership of the musical composition entitled "I'll Wait" a/k/a "I'll Stay", and copyright infringement by Plaintiffs thereof, and otherwise deny that such assertion was unfounded.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61.     Defendants admit the allegations contained in paragraph 61 of the Complaint.

62.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, except admit that TufAmerica has asserted copyright ownership of the musical composition entitled "What You Been Growing," which composition was re-recorded by Funkadelic as "Can You Get To That", and copyright infringement by Plaintiffs thereof, and otherwise deny that such assertion was unfounded.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66.     Defendants admit the allegations contained in paragraph 66 of the Complaint.

67.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint, except admit that TufAmerica has asserted copyright ownership of the musical composition entitled "The Goose (That Laid the Golden Egg)", and copyright infringement by Plaintiffs thereof, and otherwise deny that such assertion was unfounded.

68.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint, except deny that Bridgeport has the right to exploit the musical composition entitled "The Goose".

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72.     Defendants admit the allegations contained in paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint, except admit that Defendants presently claim that Plaintiffs have infringed their rights in the

subject musical compositions and that Defendants' copyright registrations with respect to the identical compositions pre-date the copyright registrations purportedly obtained by Plaintiffs.

74.    Defendants deny the allegations contained in paragraph 74 of the Complaint, except admit that Taylor presently claims that Plaintiffs have infringed her rights in the subject musical compositions and that Defendants' copyright registrations with respect to the identical compositions pre-date the copyright registrations purportedly obtained by Plaintiffs.

75.    Defendants deny the allegations contained in paragraph 75 of the Complaint, except admit that TufAmerica presently claims that Plaintiffs have infringed its rights in the subject musical compositions and that Defendants' copyright registrations with respect to the identical compositions pre-date the copyright registrations purportedly obtained by Plaintiffs.

76.    Defendants admit the allegations contained in paragraph 76 of the Complaint, and respectfully refer the Court to the January 5, 2018 letter for its content and meaning.

77.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint, except admit that TufAmerica's letter dated December 11, 2017 was the first objection by Defendants to Plaintiffs regarding the musical compositions and musical works at issue.

78.    Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.    Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint, except admit that Plaintiffs continue to exploit the musical works at issue and that a judicial declaration of the parties' respective rights and obligations with respect to the musical works at issue is necessary and appropriate.

## COUNT I: DECLARATORY JUDGMENT

81.     Defendants repeat and reallege each of the responses to paragraphs 1 through 80 above as if fully set forth herein.

82.     Paragraph 82 of the Complaint states a conclusion of law as to which no response is required.

83.     Defendants deny the allegations contained in paragraph 83 of the Complaint, except admit that Plaintiffs claim to have a copyright interest in the subject musical compositions.

84.     Defendants admit the allegations contained in paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of the Complaint, except admit that Plaintiffs are seeking a judicial declaration that Plaintiffs have not committed copyright infringement.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint, except admit that Plaintiffs are seeking a declaration that a copyright infringement claim by Defendants would be barred as untimely.

87.      Defendants deny the allegations contained in paragraph 87 of the Complaint, except admit that Plaintiffs are seeking a declaration that no accounting or compensation is due to Defendants in connection with the musical compositions and works at issue.

88.     Paragraph 88 of the Complaint does not contain any allegations of fact. To the extent that the paragraph makes allegations of fact, Defendants deny.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff TufAmerica, Inc. d/b/a Tuff City Records, individually and as administrator, as and for its Amended Counterclaims against Bridgeport Music, Inc. and Westbound Records, Inc., alleges and states as follows:

## THE PARTIES

1.      Counterclaim Plaintiff TufAmerica, Inc., doing business as Tuff City Records ("TufAmerica") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 439 West 43rd Street, Basement, New York, New York.

2.      Upon information and belief, Counterclaim Defendant Bridgeport Music, Inc. ("Bridgeport") is a music publishing company and corporation organized and existing under the laws of the State of Michigan, with its principal place of business located at 18500 W. Ten Mile Road, Southfield, Michigan.

3.      Upon information and belief, Counterclaim Defendant Westbound Records, Inc. ("Westbound" and together with Bridgeport, "Counterclaim Defendants") is a record company and corporation organized and existing under the laws of the State of Michigan, with its principal place of business also located at 18500 W. Ten Mile Road, Southfield, Michigan.

4.      Upon further information and belief, at all relevant times herein Counterclaim Defendants were owned by Armen Boladian ("Boladian").

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§1331 and 1338.  This Court has federal question jurisdiction in this matter in that TufAmerica seeks a declaratory judgment and damages against Counterclaim Defendants herein under the U. S. Copyright Act of 1976, 17 U.S.C. §§101 *et seq.*

6.      This Court also has supplemental jurisdiction over TufAmerica's Counterclaims pursuant to 28 U.S.C. § 1367 inasmuch as they arise out of the same set of operative facts as are at issue in the claim asserted by Counterclaim Defendants in this action, over which this Court has original jurisdiction, and, therefore, the Counterclaims form part of the same case or controversy under Article III of the United States Constitution as the claims asserted by Counterclaim Defendants herein.

## BACKGROUND

7.      TufAmerica, on the one hand, entered into an exclusive administration agreement with Kay Lovelace Taylor ("Taylor"), individually and on behalf of Revilot Records, Red Cap Records, Solid Hit Records, Solid Hitbound Productions, LeBaron Music, Groovesville Music, Brute Records, The Estate of LeBaron Taylor (the "Estate") and all other companies owned and/or controlled by the Estate (collectively, the "LeBaron Entities"), on the other hand, dated as of August 9, 2011 (the "Agreement"). A true and correct copy of the Agreement is annexed hereto as Exhibit A.

8.      Taylor is the widow of the late record company executive and music publishing magnate LeBaron Taylor.

9.    Taylor and the LeBaron Entities solely owned or controlled the musical compositions, sound recordings and audiovisual recordings identified in Schedules A and B to the Agreement (the "Works").

10.    Among the Works identified in Schedule A to the Agreement were the following six musical compositions entitled (1) "The Goose (That Laid The Golden Egg)" (the "Goose Composition"); (2) "Good Old Music" (the "Good Old Music Composition"); (3) "Let's Make It Last" (the "Let's Make It Last Composition"); (4) "I'll Wait"[1] (the "I'll Wait Composition"); (5) "What You Been Growing" (the "What You Been Growing Composition")[2]; and (6) "(I Owe You) Something"[3] (the "I Owe You Something Composition") (hereinafter, collectively the "Compositions"), which Compositions are the subject of this Action.

11.    Pursuant to the Agreement, Taylor assigned to TufAmerica fifty percent (50%) of her and the LeBaron Entities' rights and interests in the Works.

12.    Thus, pursuant to the Agreement, TufAmerica has a fifty percent (50%) copyright interest in each of the Compositions.

13.    Pursuant to the Agreement, Taylor and the LeBaron Entities also granted TufAmerica the exclusive right to administer their share of the rights and interests in and to the Compositions.

**TUFAMERICA'S OWNERSHIP OF AND COPYRIGHT INTERESTS IN THE COMPOSITIONS**

14.    Each of the Compositions was written or co-written by George Clinton ("Clinton").

---

[1] This musical composition is alternatively titled "I'll Stay".
[2] The What You Been Growing Composition was re-recorded by Funkadelic as "Can You Get That" on the 1971 album entitled "Maggot Brain"; the two compositions are otherwise identical.
[3] This musical composition is also known as "Baby, I Owe You Something Good" and "Baby I Owe You Something".

15.     Upon information and belief, Clinton and/or his co-writers conveyed the entire copyright interests in and to each of the Compositions to LeBaron Taylor and/or the LeBaron Entities in one or more written publishing or administration agreements executed in the late 1960s (the "LeBaron Agreements").

16.     LeBaron Taylor and/or the LeBaron Entities thereafter filed copyright registrations for each of the Compositions confirming their ownership of the Compositions (collectively, the "LeBaron Copyright Registrations").

17.     LeBaron Taylor and/or the LeBaron Entities also commercially released recordings of the Compositions in the late 1960s (collectively, the "LeBaron Recordings").

18.     LeBaron Music is listed as the sole copyright claimant on the Class E copyright registration for the Goose Composition, United States Copyright Registration No. Eu 27528 dated November 29, 1967 (the "Goose Copyright Registration").  A true and correct copy of the Goose Copyright Registration is annexed hereto as Exhibit B.

19.     Consistent with LeBaron Music's ownership of the copyrights in and to the Goose Composition, LeBaron Music, one of the LeBaron Entities, through its affiliated record company Revilot Records, commercially released a vinyl recording of the Goose Composition embodying the musical performance of The Parliaments in January 1968 (the "Goose Recording").  A true and correct copy of the original vinyl record label of the Goose Recording is annexed hereto as Exhibit C.

20.     LeBaron Taylor is listed as the sole copyright claimant on the Class E copyright registration for the Good Old Music Composition, United States Copyright Registration No. Eu 56256 dated May 31, 1968 (the "Good Old Music Copyright Registration").  A true and correct copy of the Good Old Music Copyright Registration is annexed hereto as Exhibit D.

21.     Consistent with LeBaron Taylor's ownership of the copyrights in and to the Good Old Music Composition, Revilot Records, one of the LeBaron Entities, commercially released a vinyl recording of the Good Old Music Composition embodying the musical performance of Clinton and the Funkadelics a/k/a The Parliaments in the year 1968 (the "Good Old Music Recording").  A true and correct copy of the original vinyl record label of the Good Old Music Recording is annexed hereto as Exhibit E.

22.     LeBaron Taylor is listed as the sole copyright claimant on the Class E copyright registration for the Let's Make It Last Composition, United States Copyright Registration No. Eu 8922 dated August 9, 1967 (the "Let's Make It Last Copyright Registration").  A true and correct copy of the Let's Make It Last Copyright Registration is annexed hereto as Exhibit F.

23.     Consistent with LeBaron Taylor's ownership of the copyrights in and to the Let's Make It Last Composition, LeBaron Music, one of the LeBaron Entities, through its affiliated record company, commercially released a vinyl recording of the Let's Make It Last Composition embodying the musical performance of The Fellows (an acknowledged pseudonym of The Parliaments) in the year 1967 (the "Let's Make It Last Recording").  A true and correct copy of the original vinyl record label of the Let's Make It Last Recording is annexed hereto as Exhibit G.

24.     Upon information and belief, Groovesville Music, one of the LeBaron Entities, is listed as the sole copyright claimant on the Class E copyright registration for the I'll Wait Composition, United States Copyright Registration No. Eu 976770 dated January 25, 1967 (the "I'll Wait Copyright Registration").   A true and correct copy of the I'll Wait Copyright Registration is annexed hereto as Exhibit H.

25.    Consistent with Groovesville Music's ownership of the copyrights in and to the I'll Wait Composition, LeBaron Music, one of the LeBaron Entities, through its affiliated record company Revilot Records, commercially released a vinyl recording of the I'll Wait Composition embodying the musical performance of The Parliaments in the year 1968 (the "I'll Wait Recording"). A true and correct copy of the original vinyl record label of the I'll Wait Recording is annexed hereto as Exhibit I.

26.    LeBaron Music is listed as the sole copyright claimant on the Class E copyright registration for the What You Been Growing Composition, United States Copyright Registration No. Eu 27527 dated November 30, 1967 (the "What You Been Growing Copyright Registration"). A true and correct copy of the What You Been Growing Copyright Registration is annexed hereto as Exhibit J.

27.    Consistent with LeBaron Music's ownership of the copyrights in and to the What You Been Growing Composition, LeBaron Music, one of the LeBaron Entities, through its affiliated record company Revilot Records, commercially released a vinyl recording of the What You Been Growing Composition embodying the musical performance of The Parliaments in March 1968 (the "What You Been Growing Recording". A true and correct copy of the original vinyl record label of the What You Been Growing Recording is annexed hereto as Exhibit K.

28.    Upon information and belief, in or around 1967, LeBaron Taylor and/or one of the LeBaron Entities became the sole copyright owner of the I Owe You Something Composition, and may have filed a copyright registration in connection therewith.

29.    Consistent with LeBaron Taylor and/or one of the LeBaron Entities' ownership of the copyrights in and to the I Owe You Something Composition, LeBaron Music, one of the LeBaron Entities, through its affiliated record company, commercially released a vinyl recording

of the I Owe You Something Composition embodying the musical performance of Pat Lewis, and co-produced by Clinton, in the year 1967 (the "I Owe You Something Recording"). A true and correct copy of the original vinyl record label of the I Owe You Something Recording is annexed hereto as Exhibit L.

30.    By reason of the aforesaid copyright registrations and commercially released recordings, Counterclaim Defendants have had notice, constructive or actual, of the LeBaron Entities' ownership of and copyright interests in the Compositions since the late 1960s.

31.    Indeed, Mr. Boladian, who is, upon information and belief, the owner of Counterclaim Defendants, and who built his career in the music industry as a distributor in Detroit, was likely aware of the existence of the LeBaron Recordings and should have been aware of the LeBaron Copyright Registrations.

32.    Upon further information and belief, at the time of the Agreement, Taylor was the sole successor-in-interest to and/or authorized representative of the LeBaron Entities with respect to their rights under the LeBaron Agreements and had the authority, right and power to enter into the Agreement with TufAmerica.

33.    TufAmerica duly recorded the transfer of a portion of Taylor's and/or the LeBaron Entities' copyright interests in the Compositions to TufAmerica by filing a copy of the Agreement with the United States Copyright Office, bearing Document Number V3608D004, which recordation was effective as of September 30, 2011. A true and correct copy of the U.S. Copyright Office's online record of Document Number V3608D004 reflecting the transfer of copyrights in, among other things, the Compositions to TufAmerica is annexed hereto as Exhibit M.

**COUNTERCLAIM DEFENDANTS' UNAUTHORIZED RECORDINGS**

34.     At some time prior to December 11, 2017, TufAmerica became aware that Westbound and Bridgeport had (i) created new master recordings of each of the Compositions, recorded by Funkadelic, and commercially released such recordings without obtaining mechanical licenses from TufAmerica (collectively, the "Unauthorized Recordings"), and (ii) falsely credited ownership of the underlying Compositions in the Unauthorized Recordings to Bridgeport in violation of TufAmerica's rights.

35.     In their complaint in this action, Counterclaim Defendants claim that Bridgeport obtained an undivided one-half interest in all rights to, among other musical compositions, the Compositions at issue in this action by written agreements entered into between Bridgeport, on the one hand, and Clinton and/or his publishing company, on the other hand, in 1971, 1972, 1975, 1982, and 1983 in which Clinton and/or his publishing company purportedly granted certain rights in the Compositions to Bridgeport.

36.     However, each of these agreements was entered into after the LeBaron Agreements.

37.     Bridgeport claims to be listed as a copyright claimant on the following purported copyright registrations of the Compositions:

    a.  PA0000557896 dated November 4, 1991 for the musical composition entitled "Baby, I Owe You Something Good" for the I Owe You Something Good Composition;

    b.  EU232643 dated February 16, 1971, renewed on September 30, 2003, and PA0000627685 dated August 28, 1992 for the Good Old Music Composition;

c.  EU438646 dated October 17, 1973, renewed on January 2, 2001, and PA00001050781 dated June 12, 1998 for the Let's Make It Last Composition;

d.  EU891961 dated October 9, 1974, renewed on September 30, 2003, and PA0000548294 dated December 13, 1991 for the I'll Wait Composition;

e.  EU274894 dated September 8, 1971, renewed on January 4, 1999, and PA0001053067 dated June 12, 1998 for the What You Been Growing Composition a/k/a "Can You Get To That"; and

f.  PA0000612427 dated November 2, 1991 for the Goose Composition

(collectively, the "Bridgeport Copyright Registrations").

38.  Each of the Bridgeport Copyright Registrations for each of the Compositions was filed after the respective LeBaron Copyright Registration for each such Composition.

39.  As such, the LeBaron Copyright Registrations are valid and the Bridgeport Copyright Registrations are invalid.

40.  Bridgeport also claims that each of the Compositions has been registered with performing rights' organization BMI to Bridgeport.

41.  Bridgeport's registration of the Compositions with BMI was improper given the LeBaron Copyright Registrations, the commercial release of the LeBaron Recordings, and the LeBaron Entities' ownership of and interests in the Compositions.

42.  Westbound claims to be listed as a copyright claimant on the following purported sound recording copyright registrations for the Unauthorized Recordings:

a.  N29052 dated June 25, 1975 for the album entitled "Let's Take It To The Stage," which album contains an unauthorized recording of the I Owe You Something Good Composition;

b.  N8389 dated May 23, 1973 for the album entitled "Cosmic Slop," which album
contains an unauthorized recording of the Let's Make It Last Composition;  and

c.  N15283 dated April 25, 1974 for the album entitled "Standing On The Verge of
Getting It On," which album contains an unauthorized recording of the I'll Wait
Composition.

43.     Counterclaim Defendants, in particular given their owner Mr. Boladian's
considerable experience in the music industry and as a distributor in Detroit, knew or should
have been aware of the existence of the LeBaron Copyright Registrations or the LeBaron
Recordings.

44.     Accordingly, Counterclaim Defendants knew or should have known to seek the
consent of LeBaron Music or the other LeBaron Entities prior to commercially releasing the
Unauthorized Recordings.

**THE DISPUTE**

45.     By letter dated December 11, 2017, TufAmerica, on behalf of itself and as
administrator for Taylor and the LeBaron Entities, advised Counterclaim Defendants of
TufAmerica's rights and interest in and to the Compositions, informed Counterclaim Defendants
of their infringement on TufAmerica's copyrights to date, and demanded that Counterclaim
Defendants cease and desist from future infringements relating to the Compositions and/or
Unauthorized Recordings.

46.     In a letter dated December 22, 2017, Counterclaim Defendants notified
TufAmerica of the existence of the Bridgeport Copyright Registrations and Bridgeport's
registrations of the Compositions with BMI, requested documentation to support TufAmerica's
claims, and asserted various defenses to TufAmerica's claims.

47.     TufAmerica responded by letter dated January 5, 2018 identifying the source of its rights in the Compositions, re-asserting its claims of infringement, and again demanding that Counterclaim Defendants cease and desist their infringement of the Compositions.

48.     Upon information and belief, the Unauthorized Recordings have been sampled or interpolated by various third parties into other musical recordings (the "Third-Party Recordings").

49.     For example, upon information and belief, Counterclaim Defendants' Unauthorized Recording of the Good Old Music Composition has been sampled in excess of 200 times.  Upon further information and belief, the Good Old Music Composition and Counterclaim Defendants' Unauthorized Recording thereof are the subject of multiple settlement agreements with third parties pursuant to which Counterclaim Defendants received a conveyance of a copyright interest in the Third-Party Recordings which incorporated the Good Old Music Composition or Counterclaim Defendants' Unauthorized Recording thereof.

50.     Upon information and belief, Counterclaim Defendants entered into sample license agreements and/or synchronization agreements with respect to the use of the Compositions in connection with such Third-Party Recordings.

51.     Upon further information and belief, Counterclaim Defendants acquired a license fee, royalties and/or additional copyrights with respect to the Compositions in connection with the Third-Party Recordings, which fees, royalties and/or additional copyrights rightfully should be disgorged to TufAmerica, as owner of 50% of the copyright interest in the Compositions and the administrator of the other 50% share.

52.     TufAmerica has no adequate remedy at law.

## AS AND FOR A FIRST COUNTERCLAIM
### (Declaratory Judgment Pursuant to 28 U.S.C. §2201)

53.     TufAmerica repeats and realleges the allegations contained in paragraphs 1 through 52 above as if set forth fully herein.

54.     As described above, TufAmerica is the owner of 50% of the copyrights in and to the Compositions and the sole administrator for the owner of the other 50% of the copyrights in and to the Compositions.

55.     Counterclaim Defendants contend that Bridgeport, and not TufAmerica, is the owner and/or administrator of the copyrights in and to the Compositions.

56.     By reason of the foregoing, there is a justiciable controversy between TufAmerica and the Counterclaim Defendants regarding the ownership of the Compositions.

57.     By reason of the foregoing, TufAmerica is entitled to a declaration that TufAmerica, for itself and as administrator of Taylor and the LeBaron Entities' share, is the rightful owner of the copyrights in and to the Compositions.

58.     Upon entry of an order granting the sought after Declaratory Judgment, TufAmerica requests that the Court order Counterclaim Defendants to pay attorneys' fees, costs and expenses incurred by TufAmerica in connection with this action.

## AS AND FOR A SECOND COUNTERCLAIM
### (Copyright Infringement)

59.     TufAmerica repeats and realleges the allegations contained in paragraphs 1 through 58 above as if set forth fully herein.

60.     TufAmerica is the owner of valid and subsisting copyrights in the Compositions.

61.     All of Counterclaim Defendants' acts and omissions set forth above, including without limitation the creation of the Unauthorized Recordings, were performed without the permission, license, authority or consent of TufAmerica.

62.     Counterclaim Defendants' acts and omissions set forth above constitute acts of copyright infringement by Counterclaim Defendants of TufAmerica's copyrights in the Compositions.

63.     Counterclaim Defendants' infringements are willful and intentional inasmuch as Counterclaim Defendants were or should have been aware, and had reason to believe, that their acts constituted infringements of TufAmerica's copyrights.

64.     As a result of the willful and intentional conduct hereinabove set forth, TufAmerica is entitled to a permanent injunction prohibiting any further manufacture, sale, distribution, electronic transmission or other commercial exploitation of the Unauthorized Recordings or any other work or album which contains the Unauthorized Recordings, or any other work which infringes upon the Compositions.

65.     By reason of the foregoing, for the three year period preceding the filing of these Counterclaims, TufAmerica has been damaged in an amount to be determined at trial.

66.     TufAmerica has suffered and will continue to suffer irreparable harm and injury as a result of the aforesaid infringing acts of Counterclaim Defendants.

67.     TufAmerica has no adequate remedy of law.

### AS AND FOR A THIRD COUNTERCLAIM
**(Accounting)**

68.     TufAmerica repeats and realleges the allegations contained in paragraphs 1 through 67 above as if set forth fully herein.

69.     By reason of the foregoing, TufAmerica is entitled to an accounting from Counterclaim Defendants and payment of all damages due to TufAmerica in connection with Counterclaim Defendants' improper and unauthorized commercial exploitation of the Compositions, including, but not limited to royalties, monies and copyright interests received by Counterclaim Defendants in connection with the Unauthorized Recordings and the Third-Party Recordings, for the three years preceding the filing of these Counterclaims, i.e., from April 11, 2016.

WHEREFORE, Defendants and Counterclaim-Plaintiff TufAmerica request judgment as follows:

a)   Dismissing Plaintiffs' Complaint with prejudice in its entirety;

b)   On TufAmerica's First Counterclaim, a declaration that TufAmerica, for itself and as administrator of Taylor and the LeBaron Entities' share, is the rightful owner of the copyrights in and to the Compositions;

c)   On TufAmerica's Second Counterclaim,

i)      an Order that Counterclaim Defendants, jointly and severally, be required to pay TufAmerica such actual damages as TufAmerica has sustained in consequence of Counterclaim Defendants' infringements of TufAmerica's copyrights, and to account for and pay to Plaintiffs all gains, profits and advantages derived by Counterclaim Defendants from their infringements of TufAmerica's copyrights pursuant to 17 U.S.C. § 504, for the three year period preceding the filing of these Counterclaims, in an amount to be proven at trial;

ii)        an Order that Counterclaim Defendants their officers, agents and employees, and all persons acting in concert or participation with them, be enjoined both during the pendency of this action and permanently thereafter from  copying, reproducing, distributing, or publicly performing the Unauthorized Recordings and/or any derivative work thereof without authorization from TufAmerica, or otherwise infringing TufAmerica's copyrights in the Compositions in any manner, and from permitting, authorizing or causing others to do so; and

ii)        an Order that Counterclaim Defendants be required to deliver up to be impounded and destroyed all copies of the Unauthorized Recordings and/or any derivative work thereof in Counterclaim Defendants' custody or control;

d)   On TufAmerica's Third Counterclaim, an accounting from Counterclaim Defendants and payment of all damages due to TufAmerica in connection with Counterclaim Defendants' improper and unauthorized commercial exploitation of the Compositions, including, but not limited to royalties, monies and copyright interests received by Counterclaim Defendants in connection with the Unauthorized Recordings and the Third-Party Recordings, for the three years preceding the filing of the Complaint, i.e., from April 11, 2016;

e)   Awarding Defendants and Counterclaim-Plaintiff their costs and attorneys' fees as the prevailing party in this Action; and

f)   Such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
        May 8, 2019

                                    By: /s/ Brian D. Caplan
                                        Brian D. Caplan, Esq.
                                        Julie B. Wlodinguer, Esq.
                                        Reitler Kailas & Rosenblatt LLC
                                        885 Third Avenue, 20th Floor
                                        New York, New York 10022
                                        (212) 209-3050
                                        *Attorneys for Defendants and Counterclaim
                                        Plaintiff*